UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-21887-Civ-LENARD
MAGISTRATE JUDGE P.A. WHITE

JORGE LUIS TAPANES,                    :

    Petitioner,                    :

v.                                     :          <u>REPORT OF</u>
                                                  <u>MAGISTRATE JUDGE</u>
WALTER A. McNEIL,                      :

    Respondent.                    :

_____

    Jorge Luis Tapanes, a convicted state and federal felon, has filed a <u>pro se</u> petition for writ of habeas corpus with attached documentary exhibits pursuant to 28 U.S.C. §2254, attacking his conviction and sentence entered in Case No. F06-005217 in the Eleventh Judicial Circuit Court of Florida, at Miami-Dade County. Tapanes claims that he received ineffective assistance of trial, his conviction is based upon illegally obtained evidence and that his plea of no contest was unlawfully entered.

    This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

    For its consideration of the petition with supporting documentary exhibits, the Court has the petitioner's response to an order regarding the limitations period and the respondent's response to an order to show cause.[1]

_____

[1]The respondent indicates in his response to the order to show cause that a supporting appendix has been filed and his response cites to documents apparently contained in an appendix. No such appendix has, however, been filed with this Court. While it certainly would have been preferable to have had the referred-to Appendix, this Court can dispose of the instant habeas corpus

The procedural history of this case has been gleaned from the petition and attached exhibits filed in this case by Petitioner, the records maintained by the Clerk, Miami-Dade County Circuit Court in Case No. F06-005217, decisions issued by the Florida Third District Court of Appeal and Florida Supreme Court; and the docket of the United States District Court for the Middle District of Florida. The Florida Third District Court of Appeal in its written opinion affirming the denial of Tapanes' motion for postconviction relief filed pursuant to Fla.R.Crim.P. 3.850 aptly summarized the procedural history of this case as follows:

> In February of 2006, [Tapanes] was arrested and charged with possession with intent to sell sixty-one live marijuana plants (count 1).(footnote omitted). [Tapanes] pled nolo contendere as to count 1 and was sentenced to credit for time served.[2]
>
> [Tapanes] was later charged in federal court with possession with intent to distribute fifty or more marijuana plants.[3] This federal case was not pending at the time of [Tapanes'] 2006 state court conviction, and arose from a separate act committed by [Tapanes] following his 2006 conviction. On August 24, 2007, following a jury trial in federal court, [Tapanes] was convicted. During his 2008 federal sentencing, [Tapanes] received an enhancement based on the 2006 state court conviction.
>
> As a result of this enhancement in federal court, [Tapanes] filed a Rule 3.850 motion alleging ineffective assistance of

---

petition without the Appendix. Pertinent state court records have been submitted to this Court by the petitioner and the undersigned has reviewed this date the computerized docket maintained by the Clerk of Court, Eleventh Judicial Circuit, Miami-Dade County in State v. Tapanes, No. F06-005217, which includes certain of the documents mentioned by the respondent. See http://www.miami-dadeclerk.com. The Court takes judicial notice of information available at the database maintained by the Clerk of Court, Eleventh Judicial Circuit, Miami-Dade County in the subject state court criminal case. See Fed.R.Evid. 201. Thus, so as not to delay disposition of this habeas corpus petition, the case will now proceed without requiring the respondent to file the missing Appendix.

[2]See Exhibits "A" and "B" attached to Petition. (DE# 1).

[3]See United States v. Tapanes, Middle District of Florida Case No. 07-00043-Cr-FTM-29-SPC.

counsel in the state court proceeding. [Tapanes] asserted that his March 2006 plea was involuntarily entered into as a result of defense counsel's misadvice regarding the consequences of his plea. [Tapanes] alleges that his counsel advised him that the nolo contendere plea could not be used against him in future prosecutions. [Tapanes] further states that if his counsel had advised him that the plea to the state charge could later be used to enhance a future federal conviction, he would have foregone the plea and proceeded to trial. As such, [Tapanes] alleges that his counsel provided affirmative misadvice as to the direct consequences of his plea.

In denying [Tapanes'] motion, the trial court concluded that "[p]ursuant to *Hogan v. State*, 931 So.2d 996 (Fla. 3d DCA 2006), [counsel's] misadvice regarding the collateral future sentence-enhancing consequence of a plea is not a cognizable claim." This appeal ensued.

<u>Tapanes v. State</u>, 14 So.3d 1143, 1144 (Fla. 3d DCA 2009). The appellate court based its affirmance of the trial court's denial on the authority of <u>State v. Dickey</u>, 928 So.2d 1193 (Fla. 2006) which similarly involved allegedly incorrect advice about the sentence enhancing consequences of a crime not yet committed. The Florida Supreme Court in *Dickey* specifically held that "allegations of affirmative misadvice by trial counsel on the sentence-enhancing consequences of a defendant's plea for future criminal behavior in an otherwise facially sufficient motion are not cognizable as an ineffective assistance of counsel claim." <u>Dickey</u>, 928 So.2d at 1198. Tapanes sought review before the Florida Supreme Court and his petition was ultimately denied on April 12, 2010. <u>See</u> Exhibit attached to petition. (DE# 1). <u>See also</u> <u>Tapanes v. State</u>, 17 So.3d 706 (Fla. 2009); <u>Tapanes v. State</u>, 35 So.3d 32 (Fla. 2010).

As noted by the Florida appellate court, subsequent to the state court criminal proceedings, Tapanes was charged and convicted in federal court. Specifically, he was charged in a one-count Indictment filed on March 28, 2007, in the Middle District of Florida, Fort Myers Division, with knowing and willful possession with intent to distribute a quantity of a mixture or substance

containing a detectable amount of marijuana, namely 50 or more marijuana plants, in violation of Title 21 United States Code, Sections 841(a)(1), 841(b)(1)(C).[4] See United States v. Tapanes, No. 07-00043-Cr-FTM-29-SPC. On July 12, 2007, the government filed a Notice of Intent to Use Prior Convictions to Enhance the Penalty as to Count One of the Indictment, pursuant to Title 21, United States Code, Section 851. In the Notice, the Government reported its intent to rely upon a previous felony drug offense, in seeking enhanced penalties under Title 21, United States Code, Section 841(b)(1)(C). After a two-day jury trial, Tapanes was found guilty of the offense charged in the Indictment. He was adjudicated guilty of the offense and sentenced to a term of imprisonment of 120 months. Tapanes prosecuted a direct appeal from his conviction and sentence and, after proceedings conducted pursuant to Anders v. California, 386 U.S. 738 (1967), the Eleventh Circuit Court of Appeals affirmed the conviction and sentence on February 27, 2009. See United States v. Tapanes, 315 Fed.Appx. 894, 2009 WL 485265 (11th Cir. 2009)(unpublished). Tapanes is currently challenging his conviction and sentence in a motion to vacate pursuant to 28 U.S.C. §2255 in the Middle District of Florida. See Tapanes v. United States, No. 02-10-cv-00013-JES-SPC. Records maintained by the Federal Bureaus of Prisons indicate that Tapanes is not due to be released from his federal sentence until May 3, 2016. See http://www.bop.gov.

---

[4]In brief, the facts of the criminal case are as follows. On March 14, 2007, a special agent with the DEA received a telephone call from a confidential source who told the special agent that a particular residence was being used for the indoor cultivation of marijuana plants. On March 15, 2007, while law enforcement officers were attempting to make contact with the occupants of the residence, Jorge Luis Tapanes was seen climbing out of a window. Tapanes unsuccessfully escaped and was apprehended and detained. A search of the residence revealed an indoor marijuana grow operation and seventy marijuana plants which was consistent with an amount that would be for distribution. Although he entered a plea of not guilty and proceeded to trial, he subsequently admitted his involvement in the offense, as charged in the Indictment.

Not long after the conclusion of the state postconviction proceedings, Tapanes came to this Court, on May 20, 2010,[5] filing the instant federal petition pursuant to 28 U.S.C. §2254. The respondent correctly argues that dismissal of the instant petition is warranted in that Tapanes does not meet the "in custody" requirement of §2254. Title 28, U.S.C. §2254(a) gives the district courts jurisdiction to entertain petitions for habeas corpus relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." The "in custody" requirement is satisfied if a petitioner is incarcerated as a result of the conviction or sentence under attack at the time the petition is filed. Carafas v. LaVallee, 391 U.S. 234 (1968). On the other hand, if the sentence imposed for a conviction has fully expired, the conviction is no longer subject to habeas corpus attack, even if the possibility exists that it may be used to enhance the sentences imposed for any subsequent crime of which the petitioner may be convicted. Maleng v. Cook, 490 U.S. 488 (1989)(holding that a petitioner is not in custody and thus cannot challenge a conviction when the sentence imposed for that conviction has expired).

Tapanes was convicted pursuant to a plea of no contest entered on March 9, 2006, of the offense of possession with intent to sell sixty-one live marijuana plants in Miami-Dade County Circuit Court Case No. 06-005217. See Exhibits A and B attached to petition. (DE# 1). Judgment and sentence was entered on March 22, 2006, indicating that Tapanes was sentenced to two-days' time served. See http://www.miami-dadeclerk.com. Tapanes' sentence in that case was

---

[5]This Court applies the "mailbox rule" and deems the Petition "filed on the date it was delivered to prison authorities for mailing." Alexander v. Sec'y Dep't of Corr., 523 F.3d 1291, 1294 n. 4 (11th Cir. 2008). See also Adams v. U.S., 173 F.3d 1339 (11th Cir. 1999)(prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

completed and expired at the latest on March 22, 2006. Tapanes has completely served his sentence and is, therefore, not "in custody" on the expired Florida sentence. In <u>Lackawanna County District Attorney v. Coss</u>, 532 U.S. 394 (2001), the Supreme Court held that if a prior conviction is no longer open to direct or collateral attack in its own right because the defendant either failed to pursue those remedies while they were available or did so unsuccessfully, then the defendant may not collaterally attack his prior conviction through a proceeding pursuant to §2254, even if he is currently serving a sentence that was enhanced by that earlier conviction. <u>See also</u> <u>Daniels v. United States</u>, 532 U.S. 374 (2001).

Review of the computerized docket in Miami-Dade County Circuit Court Case No. 06-005217 reveals that Tapanes has unsuccessfully challenged his conviction and sentence in available state postconviction remedies. The only exception to the rule prohibiting the instant attack is if the prior conviction was obtained in violation of the defendant's right to counsel, as set forth in <u>Gideon v. Wainwright</u>, 372 U.S. 335 (1965). <u>Daniels</u>, <u>supra</u>. That is clearly not the situation here. <u>See</u> Exhibits A and B attached to petition. <u>See also</u> http://www.miami-dadeclerk.com/dadecoc/. While Tapanes is confined, his confinement is based upon an unrelated federal conviction and sentence and the now-challenged State of Florida conviction and sentence are no longer open to direct or collateral attack in their own right. A "petitioner who challenges an expired state sentence that was used to enhance his current federal sentence must bring his suit under 28 U.S.C. §2255." <u>Means v. Alabama</u>, 209 F.3d 1241 (11th Cir. 2000). Tapanes is currently pursuing such §2255 relief in the Middle District of Florida. <u>See</u> <u>Tapanes v. United States</u>, No. 2:10-cv-00013-JES-SPC. Tapanes does not satisfy the "in custody" requirement as to the unrelated

conviction, and this Court is without jurisdiction to entertain a §2254 petition for relief from the conviction. <u>Lackawanna</u>, <u>supra</u>.

Even if this Court did have jurisdiction to entertain the instant petition, this Court is still unable to reach the merits of the claims presented because the petition is time-barred pursuant to 28 U.S.C. §2244(d).[6] Tapanes had until April 23, 2007,[7] to file a timely §2254 petition challenging the constitutionality of his conviction and sentence. Since the petition for writ of habeas corpus was filed well-beyond one year after the date on which the conviction and sentence became final, the petition is time-barred pursuant to 28 U.S.C. §2244(d)(1)(A) unless the limitations period was extended by properly filed applications for state post-

---

[6]The statute provides that the limitations period shall run from the latest of —

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

[7]The judgment of conviction and sentence in the now-challenged criminal case became final at the latest on April 21, 2006, the expiration of the thirty-day appeal period from the judgment of conviction. <u>See</u> <u>Fla.R.App.P.</u> 9.110(b); <u>Demps v. State</u>, 696 So. 2d 1296, 1297, n.1 (Fla. 3 Dist. 1997); <u>Ramos v. State</u>, 658 So.2d 169 (Fla. 3 Dist. 1995); <u>Caracciolo v. State</u>, 564 So.2d 1163 (Fla. 4 Dist. 1990); <u>Gust v. State</u>, 535 So. 2d 642 (Fla. 1 Dist. 1988). Accordingly, Tapanes would have had until Monday, April 23, 2007, for the filing of a timely federal petition. <u>See</u> FED.R.CIV.P. 6(a).

conviction or other collateral review proceedings. 28 U.S.C. §2244(d)(2). As indicated above, Tapanes pursued state collateral relief. However, Tapanes is not entitled to tolling during the time the postconviction proceedings remained pending, because he did not institute the state court proceedings until March 2008, see http://www.miami-dadeclerk.com/dadecoc/, after the one-year limitation period had already expired. See Tinker v. Moore, 255 F.3d 1331, 1332 (11th Cir. 2001)(holding that a state petition filed after expiration of the federal limitations period cannot toll the period, because there is no period remaining to be tolled); Webster v. Moore, 199 F.3d 1256, 1258-60 (11th Cir.)(holding that even properly filed state court petitions must be pending in order to toll the limitations period), cert. denied, 531 U.S. 991 (2000).

Tapanes has filed a response to this Court's order regarding the one-year limitations period, but has provided no lawful justification for the untimely filing. (DE# 6, 8). He contends that the one-year limitation period should run from April 12, 2010, the date that the Florida Supreme Court denied his petition seeking belated appellate review in the postconviction proceeding. As indicated above, Tapanes did not institute state postconviction proceedings until after the federal one-year limitation had already expired. He is, therefore, not entitled to statutory tolling of the limitations period based upon 28 U.S.C. §2244(d)(2). His implied contention that he could not timely file his habeas petition with this Court because he first needed to exhaust his state court remedies regarding the subject claim prior to filing the instant petition is meritless. Petitioner is not entitled to tolling of the limitations period on this basis. The tolling provisions of §2244(d)(2) already accommodate the exhaustion requirement that petitioner faced. See Smith v. McGinnis, 208 F.3d 13, 17-18 (2d

Cir. 2000), <u>cert</u>. <u>denied</u>, 531 U.S. 840 (2000). <u>See also</u> <u>Franklin v.</u> <u>Bagley</u>, 27 Fed. Appx. 541, 542-543 (6th Cir. 2001)(holding that limitations period not equitably tolled due to the fact that petitioner was attempting to exhaust all of his state court remedies prior to filing his federal habeas petition, absent a showing of due diligence). Tapanes' alternate contention that §2244(d)(1)(D) is the applicable subsection here is wholly conclusory with no substantiation whatever in the record.[8]

It is noted that the record does not demonstrate that Tapanes was in any way impeded by any unconstitutional State action in pursuing state postconviction relief or filing a timely federal petition for writ of habeas corpus or that he would be entitled to equitable tolling of the limitations period. <u>See</u> <u>Holland v.</u> <u>Florida</u>, _____ U.S. _____, 130 S.Ct. 2549 (2010)(holding that a petitioner is entitled to equitable tolling only if he shows both that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing; <u>Lawrence v. Florida</u>, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007)(same). Additionally, Tapanes' status as an unskilled layperson does not excuse the delay. <u>See</u> <u>Johnson v.</u> <u>United States</u>, 544 U.S. 295, 311, 125 S.Ct. 1571, 1582 (2005)(stating that "the Court has never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."). <u>See also</u> <u>Rivers v. United States</u>, 416 F.3d 1319, 1323 (11th Cir. 2005)(holding that while movant's lack of education

---

[8]Absent supporting evidence in the record, a court cannot consider a habeas petitioner's mere assertions on a critical issue in his <u>pro</u> <u>se</u> petition to be of probative value. <u>See</u> <u>Tejada v. Dugger</u>, 941 F.2d 1551, 1559 (11th Cir. 1991) (recognizing that a petitioner is not entitled to habeas relief "when his claims are merely 'conclusory allegations unsupported by specifics' or 'contentions that in the face of the record are wholly incredible'" (citation omitted)). <u>See also</u> <u>Ross v. Estelle</u>, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

may have delayed his efforts to vacate his state conviction, his procedural ignorance is not an excuse for prolonged inattention when promptness is required).

Based upon the foregoing, it is recommended that the instant petition for writ of habeas corpus be dismissed for lack of jurisdiction, and in the alternative as time-barred pursuant to 28 U.S.C. §2244(d)(1)-(2).

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 18th day of January, 2011.

_____

UNITED STATES MAGISTRATE JUDGE

cc: Jorge Luis Tapanes, Pro Se
    Reg. No. 34337-018
    CI McRae Correctional Institution
    P.O. Drawer 30
    McRae, GA 31055

    Linda S. Katz, AAG
    Department of Legal Affairs
    444 Brickell Avenue
    Suite 650
    Miami, FL 33131

10